Filed 4/15/22  P. v. Griffin CA2/1

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID MARTIN GRIFFIN,<br><br>Defendant and Appellant. | B313855<br><br>(Los Angeles County<br>Super. Ct. No. ZM006097) |

APPEAL from an order of the Superior Court of Los Angeles County.  James N. Bianco, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * * * * * *

Defendant and appellant David Martin Griffin appeals from the trial court's order extending his commitment as a mentally disordered offender (MDO) pursuant to Penal Code section 2970. Defendant contends reversal is warranted because the trial court failed to properly advise him of his right to a jury trial at the recommitment hearing and the record does not otherwise affirmatively show he made a knowing and voluntary waiver of that right.

We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was convicted of stalking and sentenced to prison (Pen. Code, § 646.9, subd. (a)). After his release, defendant violated parole by engaging in stalking behavior again. In 2002, defendant was admitted to the Department of State Hospitals as an MDO. His commitment has been repeatedly renewed since then. Some of the recommitment proceedings were jury trials. Several times defendant waived his right to a jury trial and proceeded with a court trial. He is presently a patient at Coalinga State Hospital with a primary diagnosis of schizoaffective disorder, bipolar type.

On January 28, 2021, the People filed a petition to extend defendant's commitment for another year. At a pretrial hearing on May 18, 2021, defense counsel advised the court that she and defendant spoke the previous day and that defendant wanted to waive his right to a jury trial and have the petition set for a court trial. Thereafter, the court twice asked defendant if he wanted to give up his right to have a jury trial and to have a judge decide the petition and defendant said yes both times, adding the second time that he "plan[ned] on getting out. The doctors want me out of here."

2

The bench trial took place on June 2, 2021. Defendant concedes his psychologist and the two evaluators for the Department all agreed he suffers from schizoaffective disorder, bipolar type, was not in remission and had little or no insight into his illness or willingness to participate in a treatment program. Defendant testified "I don't have no mental illness." He said he did not need psychiatric treatment, did not need medication, would not seek treatment if released and wanted to be off his medications.

After listening to argument, the court granted the petition, finding defendant suffers from a severe mental disorder that is not in remission and he presents a substantial danger of physical harm to others. Defendant's commitment was extended to May 24, 2022.

This appeal followed.

## DISCUSSION

In *People v. Blackburn* (2015) 61 Cal.4th 1113, 1116 (*Blackburn*), the Supreme Court concluded that trial courts must advise a defendant in an MDO recommitment proceeding of their right to a jury trial and must obtain a personal waiver of that right before proceeding with a bench trial.

*Blackburn* also held that "a trial court's failure to properly advise an MDO defendant of the right to a jury trial does not by itself warrant automatic reversal. Instead, a trial court's acceptance of a defendant's personal waiver without an express advisement may be deemed harmless if the record affirmatively shows, based on the totality of the circumstances, that the defendant's waiver was knowing and voluntary." (*Blackburn*, *supra*, 61 Cal.4th at p. 1136.)

Defendant contends the record does not affirmatively show his waiver was knowing and intelligent. We disagree.

In *People v. Sivongxxay* (2017) 3 Cal.5th 151 (*Sivongxxay*), the Supreme Court reaffirmed that it has never "mandated any specific method for determining whether a defendant has made a knowing and intelligent waiver of a jury trial in favor of a bench trial." (*Id.* at p. 167.) Instead, the focus is on an examination of "the totality of the circumstances." (*Ibid*.) The court emphasized "the value of a robust oral colloquy in evincing a knowing, intelligent, and voluntary waiver of a jury trial" (*id*. at p. 169) and offered general guidance and a recommendation that trial courts, before taking a waiver, "advise a defendant of the basic mechanics of a jury trial" (*ibid*.). But the court also stated its guidance was "not intended to limit trial courts to a narrow or rigid colloquy." (*Id*. at p. 170.)

The validity of a waiver depends upon " 'the unique circumstances of each case.' " (*Sivongxxay*, *supra*, 3 Cal.5th at p. 166, quoting *Adams v. U.S. ex rel. McCann* (1942) 317 U.S. 269, 278; accord, *People v. Blancett* (2017) 15 Cal.App.5th 1200, 1205.) The court suggested that trial courts may ask a defendant whether they "had an adequate opportunity to discuss the decision with his or her attorney" or whether they understood or had "any questions about the right being waived. Ultimately, a court must consider the defendant's individual circumstances and exercise judgment in deciding how best to ensure that a particular defendant who purports to waive a jury trial does so knowingly and intelligently." (*Sivongxxay,* at pp. 169-170.) A defendant's experience in the legal system is one relevant consideration. (See, e.g., *Blancett,* at p. 1206.)

The trial court here obtained a personal waiver from defendant and obtained his agreement that he wished to proceed with a bench trial, but the court did not make any advisements about the basic mechanics of the jury trial right. We agree the better practice is for trial courts to ensure a valid waiver by "careful compliance with the express advisement and waiver process." (*Blackburn*, *supra*, 61 Cal.4th at p. 1137.) We nevertheless conclude from the totality of circumstances that defendant's waiver was knowing and intelligent and that any error by the court in accepting defendant's waiver was harmless.

Of particular relevance here is defendant's experience with MDO proceedings for almost 20 years, as well as prior experience in the criminal justice system.

The record demonstrates defendant regularly agreed to waive his right to a jury trial and proceed with a bench trial after having been given various admonitions on the jury trial right. For instance, in 2006, defendant was asked if he understood that he had a right to a jury trial, meaning "12 people to determine if your commitment should be extended or not." Defendant said yes and that he agreed to waive that right and understood the court would make the final determination.

Then again in 2007, defendant was advised he had "the right to have [his] case tried by either a court or a jury. A jury would be where 12 citizens from the community come in and hear the evidence . . . and they decide the case." When asked how he wished to proceed, defendant said he wanted a court trial.

In 2013, defendant appeared before Judge Bianco, the same judge that conducted the 2021 court trial at issue here. Defense counsel advised the court defendant wanted a bench trial. The court then asked defendant, "Mr. Griffin, do you understand that

5

you have a right to a trial by jury in this case where 12 jurors would hear your case and they would all have to agree before the petition could be found true?  Do you understand that?"  Defendant said yes and the court continued, "do you give up the right to have your case heard by a jury and agree that I can hear your case as the judge?"  Defendant again said yes.

At a pretrial conference in 2016, defendant said he wanted a court trial several times but that he wanted a jury trial if the judge ruled against him.  The court explained the process did not work that way and defendant had to choose between a jury trial and a court trial.  Defendant reiterated he wanted the judge then because he wanted out.  When defense counsel was asked if that was his understanding of his client's wishes, defense counsel confirmed that defendant wanted to proceed with a bench trial.

In contrast, in 2017 and 2018, defendant exercised his right to proceed with a jury trial on the recommitment petitions.  Defendant was present during those jury trials, including when the juries were instructed that the verdict must be unanimous.

In 2019 and 2020, defendant again agreed to waive his right to a jury.  Court trials were conducted both years by Judge Bianco.

At the pretrial hearing on May 18, 2021, defense counsel advised Judge Bianco that she and defendant spoke the previous day and that defendant wanted to again waive his right to a jury trial and have the petition set for a court trial.  The court asked defendant, "you understand that you have the right to have a trial by a jury in this case?"  Defendant said yes.  The court asked defendant twice if he wanted to give up that right and have a judge trial and defendant answered yes both times.

Defendant argues that an affirmative showing may not be "presumed from a silent record." (*Blackburn*, *supra*, 61 Cal.4th at p. 1136.) We agree with the general principle but do not find the record to be silent here. Defendant has always been represented by counsel who have been available to advise defendant about his rights. Defendant's counsel for the May 2021 hearing said she had a prior discussion with defendant before she told the court defendant wanted a bench trial. Defendant's combined experience in the legal system after numerous MDO recommitment proceedings, where he alternatively chose to have some jury trials and some bench trials, is substantial evidence he made a knowing and intelligent waiver of his right to a jury trial in 2021.

## DISPOSITION

The court's order of June 2, 2021, granting the petition pursuant to Penal Code section 2970 to extend the commitment of David Martin Griffin is affirmed.

GRIMES, J.[*]

WE CONCUR:

ROTHSCHILD, P. J.        BENDIX, J.

---

[*]     Justice of the Court of Appeal, Second District, Division Eight, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7