Filed 10/18/22  P. v. Keller CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES WILLIE KELLER,<br><br>    Defendant and Appellant. | 2d. Crim. No. B318238<br>(Super. Ct. Nos.<br>21HWMH01530,<br>21HWMH00772, BA463164)<br>(Los Angeles County) |

James Willie Keller appeals an order sustaining a petition to recommit him as an Offender with a Mental Health Disorder (OMHD).  (Pen. Code, § 2970.)[1]  The People concede we must reverse the order because the trial court failed to advise him of his right to a jury trial.  (See *People v. Blackburn* (2015) 61 Cal.4th 1113, 1123-1124 (*Blackburn*).)  The parties dispute,

---

[1] OMHDs were previously referred to as Mentally Disordered Offenders.  All further statutory references are to the Penal Code.

however, whether this court must remand the case for a new trial. We conclude remand is not appropriate under *Blackburn*.

## FACTS AND PROCEDURAL HISTORY

The trial court initially committed Keller as an OMHD in February 2019 and placed him in a treatment facility. (§ 2962.) He contested his commitment under section 2966, subdivision (c).[2] Soon after, the People petitioned to recommit Keller for another year of treatment under section 2970.[3]

The trial court heard the parties' petitions on December 6, 2021. It asked whether Keller, who was not present, had waived his right to a jury. Defense counsel stated he did not know and requested they defer the issue. The court agreed and scheduled trial for January 2022.

The parties appeared for trial in front of a different judge. The court proceeded without advising Keller of his right to a jury trial or obtaining a waiver from him or defense counsel. It ordered Keller recommitted for another year. Keller appealed.

## DISCUSSION

"[A] a court must obtain a personal waiver of the defendant's right to a jury trial before holding a bench trial." (*Blackburn*, *supra*, 61 Cal.4th at p. 1125, citing § 2972, subd. (a).) The parties agree we must reverse the recommitment order because the trial court failed to advise Keller of this right or to obtain a waiver from him. The parties disagree, however, about

---

[2] *Keller v. Cal. Dept. of Corrections and Rehabilitation* (Super. Ct. Los Angeles County, 2021, No. 21HWMH00772).

[3] *People v. Keller* (Super. Ct. Los Angeles County, 2021, No. 21HWMH01530).

what should happen after the order is reversed. The People request we remand the case to the trial court "for further proceedings consistent with *Blackburn*." Keller contends no further proceedings are required after we dismiss the erroneous recommitment order.

Keller is correct. *Blackburn* concluded defense counsel can waive the right to a jury trial only when a client "lacks the capacity to make a knowing and voluntary waiver." (*Blackburn*, *supra*, 61 Cal.4th at p. 1137.) The high court instructed the Court of Appeal to remand the case so the trial court could determine whether defendant knew about defense counsel's waiver, and, if not, whether he lacked capacity to waive the right personally. (*Ibid*.) No such questions exist here about waiver or competence. Neither Keller nor his counsel are alleged to have waived a jury. The trial court received testimony from Keller and commended him for "doing well" in his conditional release program. The jury waiver issue appears to have slipped through the cracks, so to speak, when the case convened for trial in January 2022.

In addition, *Blackburn* was well-established authority during the underlying commitment proceedings. Failing to advise a defendant of the right to a jury constitutes a miscarriage of justice and requires automatic reversal, not a remand for further proceedings. (*Blackburn*, *supra*, 61 Cal.4th at p. 1117; *People v. Blancett* (2017) 15 Cal.App.5th 1200, 1207.)

## DISPOSITION

The recommitment order dated January 19, 2022, is reversed.

3

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P.J.

YEGAN, J.

John S. Somers, Judge
Superior Court County of Los Angeles

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.