Filed 2/18/25  P. v. Hernandez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANGELITA HERNANDEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B331829<br>(Super. Ct. No. 2021014197)<br>(Ventura County) |

Angelita Hernandez appeals following a bench trial at which the court found her guilty of receiving stolen property over $950 (Pen. Code, § 496, subd. (a).)[1]  Appellant admitted special allegations of a prior strike (§ 667, subd. (c)(1), (e)(1)), a prior serious or violent felony requiring prison (§ 1170, subd. (h)(3)), and ineligibility for probation (§ 1203, subd. (e)(4)).  The court sentenced appellant to two years, eight months in prison.

---

[1] Undesignated statutory references are to the Penal Code.

Appellant contends her jury trial waiver was not voluntary, knowing, or intelligent. We will reverse because we conclude appellant's waiver was not knowing and intelligent.

## FACTUAL AND PROCEDURAL BACKGROUND

The jury waiver colloquy in this case transpired as follows:

"The Court: Matter has been sent here for jury trial. Had a brief discussion with counsel in chambers. I think it appears that your client is willing to waive jury; is that correct?

"[Appellant's Counsel]: That's correct, your Honor.

"The Court: [Appellant], you have a right to have a jury trial by 12 people from the community, the right to cross-examine and confront witnesses, the right not to testify, and the right to present your own evidence. Do you understand those rights?

"[Appellant]: Yes, sir.

"The Court: Willing to give up those rights?

"[Appellant]: Yes, sir.

"The Court: Do you have questions?

"[Appellant]: Not at this time. Thank you.

"The Court: We will show jury trial has now been waived.

"[Appellant's Counsel]: Counsel joins in the waiver.

"The Court: Counsel joins in the waiver."

The court then proceeded to motions in limine.

## DISCUSSION

We conclude that, under the totality of the circumstances, appellant's jury trial waiver was not knowing and intelligent. (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166 (*Sivongxxay*).)

The federal and state constitutions afford defendants the right to a jury trial. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 16.) However, a "jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel." (Cal. Const., art. I, § 16.)

A jury waiver must be "'knowing and intelligent, that is, """made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it,"""" and "voluntary """in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception."""" (*Sivongxxay*, *supra*, 3 Cal.5th at p. 166.) "We uphold the . . . jury waiver "'if the record *affirmatively* shows that it is voluntary and intelligent under the totality of the circumstances."'" (*People v. Daniels* (2017) 3 Cal.5th 961, 991 (conc. & dis. opn. of Cuéllar, J.); accord, *id*. at p. 1018 (conc. and dis. opn. of Corrigan, J.); *People v. Collins* (2001) 26 Cal.4th 297, 310.)

The law does not "mandat[e] any specific method for determining whether a defendant has made a knowing and intelligent waiver of a jury trial in favor of a bench trial. We instead examine the totality of the circumstances." (*Sivongxxay*, *supra*, 3 Cal.5th at p. 167; see also *People v. Morelos* (2022) 13 Cal.5th 722, 753 (*Morelos*).) Included among those circumstances is the waiver colloquy. (*Sivongxxay*, at pp. 167-170.) While our Supreme Court has "eschewed any rigid formula or particular form of words that a trial court must use in taking a jury waiver," the Court has offered guidance. (*Id*. at p. 169.) The Court has recommended advisement "of the basic mechanics of a jury trial . . . including but not necessarily limited to the facts that (1) a jury is made up of 12 members of the community; (2) a defendant through his or her counsel may participate in jury selection; (3) all 12 jurors must unanimously agree in order to render a verdict; and (4) if a defendant waives the right to a jury trial, a judge alone will decide his or her guilt or innocence." (*Ibid*.)

The Court also recommended trial courts "take additional steps as appropriate to ensure, on the record, that the defendant

comprehends what the jury trial right entails." (*Sivongxxay*, *supra*, 3 Cal.5th at p. 169.) Those steps might include asking: (1) whether "the defendant had an adequate opportunity to discuss the decision with his or her attorney"; (2) whether "counsel explained to the defendant the fundamental differences between a jury trial and a bench trial"; and (3) whether the defendant "understands or has any questions about the right being waived." (*Id.* at pp. 169-170.)

Here, the totality of the circumstances does not "establish a sound and 'affirmative[]' basis . . . to conclude" appellant knowingly and intelligently waived her right to a jury trial. (*Morelos*, *supra*, 13 Cal.5th at p. 759.) The court's only appropriate advisal was that appellant had "a right to have a jury trial by 12 people from the community . . . ." Contrary to *Sivongxxay*'s guidance, the court did not otherwise explicate the basic mechanics of a jury trial.

The court did not even explain that, in lieu of a jury, it would decide guilt. (*People v. Daniels* (2017) 3 Cal.5th 961, 1019 (conc. & dis. opn. of Corrigan, J.) ["essence of the jury trial right" includes fact that waiver entails "the court alone would determine the issue[] of guilt . . ."].)

Instead, the court continued by advising appellant of other rights—the right to cross-examine and confront witnesses, the right not to testify, and the right to present evidence—and asked if appellant was willing to give up those rights as well. Even though waiver of jury trial did not entail waiver of those other rights, appellant stated she was willing to give them up too. This confused exchange betrays a fundamental misunderstanding as to the nature of the jury trial right. In this context, appellant's lack of questions is of limited relevance.

4

Moreover, the court made no inquiry with appellant, on the record, as to the adequacy or content of any discussion with counsel.  (See *People v. Jones* (2018) 26 Cal.App.5th 420, 435 (*Jones*.)  Although we recognize no precise advisement or inquiry is necessary, the "barebones colloquy," combined with the confused exchange over other distinct rights, convinces us that appellant's jury trial waiver was not knowing and intelligent. (*People v. Blancett* (2017) 15 Cal.App.5th 1200, 1206 (*Blancett*).)

Respondent cites appellant's criminal history as evidence "she was familiar with the mechanics of a criminal prosecution." As respondent dutifully acknowledges, however, "the record does not affirmatively show what previous advisements appellant may have received . . . ."  We will not, on such a record, "presume that [appellant] was legally sophisticated." (*Blancett*, *supra*, 15 Cal.App.5th at p. 1206.)

"The denial of a defendant's constitutional right to a jury trial constitutes structural error that requires reversal regardless of the strength of the evidence supporting the conviction." (*Jones*, *supra*, 26 Cal.App.5th at p. 429.)  Therefore, we must reverse.

DISPOSITION

The judgment is reversed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.          BALTODANO, J.

5

Paul W. Baelly, Judge
Superior Court County of Ventura
_____

Sarah S. Sanger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.